UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| ANTHONY BUTLER,  <br><br>　　　　　　Petitioner,  <br>　v.  <br>W. GITTERE, *et al.*,  <br><br>　　　　　　Respondents. | Case No. 3:20-cv-00560-MMD-WGC  <br><br>ORDER |

Petitioner Anthony Butler, a Nevada state prisoner, has submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Butler's Motion for Appointment of Counsel (ECF No. 1-2). For the reasons discussed below, the Court orders Butler to show cause why the petition should not be dismissed as untimely and unexhausted, and denies his motion.

**I.　BACKGROUND**

Butler challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *See State of Nevada v. Butler*, Case No. 08C247299.[2] In May 2012, Butler entered a guilty plea to one count of sexual assault with a minor under the age of 14 and three counts of lewdness with a child under the age of 14. A judgment of conviction was entered September 24, 2012. Butler did not appeal the

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

conviction or file a state petition for writ of habeas corpus within the time allowed under Nevada law. *See* Nev. R. App. P. 4(b) (providing that a notice of appeal must be filed within 30 days of entry of judgment of conviction); NRS 34.726 (stating that a state petition seeking post-conviction relief must be filed within one year).

In July 2018, Butler filed a motion to modify his sentence, requesting a modification because he was young when he committed the offenses, mentally unstable, and did not understand the court proceedings or the consequences of his guilty plea. The state court denied the motion as his claims fell outside the narrow scope of claims permissible in a motion to modify a sentence under Nevada law.[3] In October 2019, the Nevada Court of Appeals affirmed the state court's decision.

Butler filed a state petition for writ of habeas corpus in August 2018. *See Butler v. Warden Baca*, Case No. A-18-780059-W. However, the case was closed in February 2020 without a response or merits decision.

On September 28, 2020, Butler initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 3, 4.) His petition brings four substantive claims for relief in relation to his 2012 conviction. (ECF No. 1-1.) He alleges ineffective assistance of counsel, and violations of both equal protection and due process under the United States Constitution.

## II.     ORDER TO SHOW CAUSE

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d

---

[3]In Nevada, a motion to modify or correct sentence may only challenge the facial legality of the sentence—*i.e.*, either the state district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996).

1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See id.* § 2244(d)(1)(A). When no direct appeal is filed, a judgment of conviction becomes final when the time period for seeking such review expires. *Id.*; *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). For Nevada prisoners, a notice of appeal must be filed "with the district court clerk within 30 days after the entry of the judgment or order being appealed." Nev. R. App. P. 4(b)(1).

Here, Butler did not file a direct appeal. Thus, his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on October 24, 2012. The AEDPA statute of limitations began to run the following day and expired 365 days later on October 25, 2013. Accordingly, absent another basis for tolling or delayed accrual, Butler filed his petition over seven years after the limitations period expired. He must therefore show cause in writing why the petition should not be dismissed with prejudice as time-barred.

Butler is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if a petitioner can show: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted). The

petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Att'y General*, 499 F.3d 1056, 1061 (9th Cir. 2007). In addition, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

If Butler seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

**B.     Exhaustion**

In addition to being untimely, it appears likely that Butler's petition is subject to dismissal as wholly unexhausted in Nevada courts. A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citation omitted). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as

well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

Butler did not challenge his judgment of conviction on direct appeal to Nevada's appellate courts. He filed a state habeas petition but the case was closed without a response or merits decision.[4] Although he litigated a motion to modify his sentence through one complete round of state proceedings, the available state records indicate that his request was based on Nevada law—not the United States Constitution—and involved completely different factual allegations. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). Accordingly, Butler will be required to show cause why this action should not be dismissed because of his failure to exhaust any claim in state court.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Turning to Butler's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointed counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The petition in this case appears sufficiently clear in presenting the issues that Butler wishes to raise, and the legal issues are not complex. He has submitted numerous

---

[4] The Court notes that Butler's state habeas petition was filed in August 2018, nearly six years after the judgment of conviction was entered. Thus, it was untimely on its face and procedurally barred under Nevada law. *See* NRS 34.726 (one-year statute of limitation), NRS 34.800 (presumption of prejudice where a petitioner files a state habeas petition more than five years after entry of the judgment of conviction).

filings and followed instructions to resolve the filing fee. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Butler has not shown that a denial of counsel would amount to a denial of due process. As such, the motion is denied.

## IV. CONCLUSION

It is therefore ordered that Petitioner Anthony Butler must file a "Response to Order to Show Cause" by January 18, 2021, why this action should not be dismissed as untimely and/or unexhausted.

It is further ordered that any assertions of fact Butler makes in response to this order to show cause must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence Butler filed in the federal record. Butler must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

It is further ordered that if Butler does not timely respond to this order, the petition will be dismissed without further advance notice. If Butler responds but fails to show with specific, detailed, and competent evidence why the petition should not be dismissed as untimely and/or unexhausted, the action will be dismissed.

DATED THIS 3rd Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE