UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY BUTLER,

                Petitioner,

    v.

W. GITTERE, *et al.*,

               Respondents.

Case No. 3:20-cv-00560-MMD-WGC

ORDER

       Petitioner Anthony Butler, a Nevada state prisoner, has filed a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court on Butler's Response (ECF No. 6) to the Court's Order to Show Cause (ECF No. 5).

## I.    BACKGROUND

       Butler challenges a 2012 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Butler*, Case No. 08C247299.[1] He entered a guilty plea to one count of sexual assault with a minor under the age of 14 and three counts of lewdness with a child under the age of 14. A judgment of conviction was entered on September 24, 2012, sentencing Butler on each count to ten years to life with the possibility of parole. Butler did not appeal the conviction or file a state petition for writ of habeas corpus within the time allowed under Nevada law. *See* Nev. R. App. P. 4(b) (notice of appeal must be filed within 30 days of entry of judgment of conviction); NRS § 34.726 (state petition seeking post-conviction relief must be filed within one year).

       In July 2018, Butler filed a motion to modify sentence, requesting a modification because he was young when he committed the offenses, mentally unstable, and did not

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

understand the court proceedings or the consequences of his guilty plea. The state court denied the motion as his claims fell outside the narrow scope of claims permissible in a motion to modify sentence under Nevada law.[2] In October 2019, the Nevada Court of Appeals affirmed the state court's decision.

Butler filed a state petition for writ of habeas corpus in August 2018 ("2018 state petition"). *See Butler v. Warden Baca*, Case No. A-18-780059-W. However, the case was closed in February 2020 without a response or merits decision.

On September 28, 2020, Butler initiated this federal habeas proceeding *pro se* with an application to proceed *in forma pauperis* ("IFP"), petition, and motion for appointed counsel. (ECF No. 1.) His petition raises four grounds for relief under the United States Constitution, alleging ineffective assistance of counsel ("IAC") and violations of equal protection and due process. (ECF No. 1-1.) The Court denied Butler's application to proceed *in forma pauperis* ("IFP") and instructed him to pay the $5.00 habeas filing fee. (ECF No. 3.) He timely complied. (ECF No. 4.)

On initial review of the petition, the Court issued an order to show cause why the petition should not be dismissed as untimely and unexhausted. (ECF No. 5 ("OSC").) Butler was informed that "his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on October 24, 2012." (*Id.* at 3.) Absent a basis for tolling or delayed accrual, the federal statute of limitations began to run the following day and expired one year later, on October 25, 2013. (*Id.*) Butler filed his petition over seven years after the limitations period expired. (*Id.*) In addition, the Court informed Butler that the petition was likely subject to dismissal as unexhausted. (*Id.* at 4.) He did not challenge his conviction on direct appeal, and his untimely 2018 state petition was dismissed without a response or merits decision. (*Id.* at 5.) The Court pointed out that,

---

[2]In Nevada, a motion to modify or correct sentence may only challenge the facial legality of the sentence—*i.e.*, either the state district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996).

1  although Butler "litigated a motion to modify his sentence through one complete round of
2  state proceedings, the available state records indicate that his request was based on
3  Nevada law—not the United States Constitution—and involved completely different factual
4  allegations." (*Id.* (citing *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005)).) Given
5  these facts, the Court ordered Butler to show cause in writing why this action should not
6  be dismissed with prejudice as untimely and/or unexhausted and denied his request for
7  appointed counsel. (*Id.* at 6.)

8  **II.    DISCUSSION**

9  Butler's OSC Response (ECF No. 6), drafted with another inmate's assistance,
10  attaches multiple exhibits and argues that dismissal is inappropriate. Concerning
11  exhaustion, he claims that the proceedings on his motion to modify his sentence satisfied
12  the exhaustion requirement because he raised IAC issues through one complete round of
13  state post-conviction proceedings. (*Id.* at 3.) He contends that the IAC issues are now ripe
14  for federal review, "regardless of procedural inappropriateness." (*Id.*) With regard to
15  timeliness, Butler's arguments imply that he may be entitled to equitable tolling of the
16  statute of limitations outlined in the Antiterrorism and Effective Death Penalty Act, 28
17  U.S.C. § 2241(d)(1). Butler argues, among other things, that trial counsel did not advise
18  Butler of his right to file a direct appeal or turn over his case file, which kept him from timely
19  filing a state habeas petition. (*Id.* at 5-6.)

20  The Court concludes that Butler's assertions regarding exhaustion and equitable
21  tolling would benefit from further briefing and the complete state court record. Accordingly,
22  the Court will direct service of the petition.

23  Additionally, the Court will vacate the prior denial of Butler's motion for appointment
24  of counsel and grant his request. (ECF Nos. 1-2, 5.) There is no constitutional right to
25  appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d
26  640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)).
27  However, the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes the court to
28  appoint counsel "when the interests of justice so require." *Id.* § 3006A(a)(2). The CJA

further provides that a habeas petitioner must demonstrate financial eligibility in all circumstances where the court appoints counsel. *See id.* § 3006A(a) (counsel "shall be provided for any *financially eligible person*") (emphasis added).

From the papers presented, it appears that Butler potentially will rely at least in part on medical and mental health issues as a basis for overcoming a possible dismissal of the petition as untimely. (ECF No. 6 at 7.) Butler's OSC Response reports a diagnosis of schizophrenia and bipolar disorder (*Id.* at 28), and his original request for counsel asserted that he is "mentally or physically handicapped" (ECF No. 1-2 at 2). Consistent with his representations, the docket records in Butler's criminal case show that the state court held multiple hearings to determine his competency to stand trial due to mental health issues. In past cases before the Court, inmates have not always been able to effectively review and present their medical records to the Court due to correctional facilities' restrictions on inmate access, possession, and transmittal of those records. Such restrictions may hinder Butler's ability while proceeding *pro se* to present equitable tolling arguments.

Here, the Court finds that appointing counsel is in the interests of justice, taking into account: (1) Butler's lengthy sentence structure, including multiple sentences of ten years to life with the possibility of parole; (2) his medical and/or mental health issues; (3) his relatively limited demonstrated ability to articulate his claims *pro se* without inmate assistance; and (4) the potentially complex procedural issues regarding the timeliness of the petition. Although the Court denied Butler's IFP application based on the amount of money in his inmate trust account and average monthly deposits, Petitioner's ability to pay the $5.00 filing fee does not show that he can afford counsel to litigate this case. For the purposes of appointing counsel under the CJA, the Court finds that Petitioner's IFP application sufficiently demonstrated financial eligibility. Accordingly, the Court provisionally appoints the Federal Public Defender's Office as counsel for Butler.

///

///

### III.     CONCLUSION

It is therefore ordered that the Clerk of Court add Nevada Attorney General Aaron D. Ford as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's office only.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response is required from Respondents until further order of the Court.

The Clerk of Court is further instructed to file Petitioner Anthony Butler's Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered, on *sua sponte* reconsideration, that the portion of the Order (ECF No. 5) denying Butler's Motion for Appointment of Counsel (ECF No. 1-2) is vacated, and the motion is granted.

The Federal Public Defender is provisionally appointed as counsel for Butler, and will have 30 days to undertake direct representation of Butler or to indicate the office's inability to represent Butler in these proceedings. If the Federal Public Defender is unable to represent Butler, the Court will appoint alternate counsel. The counsel appointed will represent Butler in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

Any deadline the Court sets and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. At all times, Butler remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as

untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is finally directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 30th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE