UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ANTHONY BUTLER,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>W. GITTERE, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:20-cv-00560-MMD-WGC<br><br>ORDER |

On July 6, 2021, the Court administratively closed this action pending a ruling on Petitioner Anthony Butler's motion for relief from final judgment in a separate habeas case filed in 2012.[1] (ECF No. 18.) The motion has been resolved and Petitioner now moves to reopen these federal habeas proceedings. (ECF No. 20.) Respondents do not oppose. (ECF No. 21.)

It is therefore ordered that Petitioner's motion to reopen this action (ECF No. 20) is granted.

It is further ordered that, as the stay is lifted by this order, the Clerk of Court will reopen the file in this action.

It is further ordered that Petitioner will have until April 16, 2024, to file an amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*,

---

[1] *See Butler v. State of Nevada*, Case No.: 2:12-cv-01682-MMD-GWF (D. Nev. Filed Sept. 25, 2012).

729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents will have 60 days to answer, or otherwise respond to, the First Amended Petition for Writ of Habeas Corpus.

It is further ordered that Petitioner will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with Rules 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise to the first amended petition must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any additional state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits

will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or the staff attorney, unless later directed by the Court.

DATED THIS 18th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE