UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY BUTLER,<br><br>　　　　　　Petitioner,<br>　　v.<br>W. GITTERE, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:20-cv-00560-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

In this habeas action, Petitioner Anthony Butler, through his appointed counsel, filed a motion for leave to file a second amended petition. (ECF No. 28 (("Motion to Amend").) The Court will (1) grant Butler's Motion to Amend (ECF No. 28); (2) deny as moot, and without prejudice, Respondents' pending motion to dismiss the first amended petition (ECF No. 29 ("Motion to Dismiss")); and (3) deny as moot Respondents' pending unopposed motion for an enlargement of time to file a reply in support of their motion to dismiss (ECF No. 48). The Court will order Butler's second amended petition (ECF No. 47-1) to be filed and require Respondents to file a response to the second amended petition within 90 days after the entry of this Order. The Court will moreover grant the parties' motions for leave to file certain exhibits under seal. (ECF Nos. 36, 44.)

**II.    RELEVANT BACKGROUND**

This case was reopened on January 18, 2024, following a stay to return to the state courts. (ECF No. 22.) In April of 2024, Butler filed a first amended petition alleging one claim: that trial counsel was ineffective in 2012 in failing to hire an expert to assess Butler's capacity to rehabilitate given Butler's youth (18 years old) and mental illness during the offenses; the State's arguments at sentencing that Butler was beyond rehabilitation; the trial court's finding that Butler was irredeemable; and the imposition of

a 50-year to life sentence following a guilty plea to one count of sexual assault with a minor under the age of 14 and three counts of lewdness with children under the age of 14. (ECF No. 23.)

In August of 2024, Butler moved for leave to file a second amended petition based on further investigation of the case and his anticipation that additional facts would support his claim in a then forthcoming report of Dr. Joseph E. McEllistrem, who was scheduled to evaluate Butler on August 2, 2024. (ECF No. 28 at 2-3.) Respondents opposed. (ECF No. 32.) Butler filed a reply attaching a second amended petition (ECF Nos. 47, 47-1.) Relatedly, Respondents filed their Motion to Dismiss (ECF No. 29) on the same day that Butler filed his Motion for to Amend. Butler filed a response to that motion. (ECF No. 46.) Respondents also seek an unopposed extension of 90-days to file a reply in support of their Motion to Dismiss. (ECF No. 48.)

## III.  DISCUSSION

### A.  Motion to Amend

A petition for writ of habeas corpus "[m]ay be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors to be considered in determining whether to grant leave to amend include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (applying Fed. R. Civ. P. 15(a) in a habeas case).

The Court finds leave to amend is in the interest of justice and is warranted under Rule 15(a)(2). Respondents contend that Butler has not adequately explained his delay or what, if anything, prevented him from earlier seeking Dr. McEllistrem's report. (ECF No. 32 at 2-9.) Respondents have not established that they are prejudiced by the delay or by the amendment. Butler's unexplained delay, without resulting prejudice to the

Respondents, is not dispositive. Butler did not comply with LR 15-1(a)[1] because he failed to attach the second amended petition to his motion for leave; however, it appears that the Motion to Amend was made in anticipation of Dr. McEllistrem's report, and that Butler filed the second amended petition incorporating McEllistrem's findings within a reasonable time after McEllistrem's evaluation of Butler. (ECF No. 47-1.)

Respondents' primary contention that amendment is futile fails to establish that amendment is not in the interest of justice. Respondents contend amendment is futile because: (1) this Court may not consider new evidence; (2) the petition is second or successive; (3) the claim is untimely and does not relate back to a timely petition; and (4) the claim is unexhausted and procedurally defaulted. (ECF No. 32 at 2-9.) Butler, on the other hand, contends that amendment is not futile because: (1) the Court is not barred from considering new evidence under 28 U.S.C. § 2254(e)(2) due to Butler's diligence in state court; (2) the petition is not second or successive because this Court did not entertain his first petition; (3) he can overcome the untimeliness of his petition by entitlement to equitable tolling; and (4) the claim is technically exhausted by procedural default, but he can overcome the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 47 at 2-4.) A determination whether Butler's petition and claim can survive on a procedural basis is more appropriately addressed either in a fully briefed motion to dismiss and/or evaluation on the merits. Accordingly, the Court grants the Motion to Amend.

### B.     Motions for Leave to File Exhibits Under Seal

To overcome the strong presumption in favor of public access, the party seeking sealing must make a particularized showing as to why the exhibit should be sealed and provide compelling reasons, supported by specific factual findings, for his request. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). In general, compelling reasons

---

[1] LR 15-1(a) requires that, "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."

sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

### 1. Respondents' Motion

Respondents filed a motion for leave to file under seal the following psychiatric and Presentence Investigation Report ("PSI") exhibits:

1. Exhibit 46: Butler's Lake's Crossing Correspondence and Psychiatric Evaluation (ECF No. 37-1);
2. Exhibit 66: PSI (ECF No. 37-2);
3. Exhibit 67: PSI-Victim Impact Statements (ECF No. 37-3); and
4. Exhibit 71: Supplemental PSI (ECF No. 37-4).

(ECF No. 36.) No response was filed and the deadline for doing so has expired.

Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5). Additionally, the need to protect medical privacy generally qualifies as a "compelling reason" for sealing records submitted with a dispositive motion. *See, e.g.*, *Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010). Having reviewed and considered the matter under *Kamakana* and its progeny, the Court finds that a compelling need to protect Petitioner's privacy outweighs the public interest in open access to the court records. The Court will grant Respondents' motion. (ECF No. 36.)

### 2. Petitioner's Motion

Butler filed a motion for leave to file the following exhibits under seal arguing they consist of medical records:

1. Exhibit 111: Psychological Consultation by Joseph E. McEllistrem, PhD dated October 4, 2024 (ECF No. 45-1);
2. Exhibit 112: Multidisciplinary Assessment Report and IEP dated June 7, 2004 (ECF No. 45-2);
3. Exhibit 113: NDOC I-File Records (ECF No. 45-3);
4. Exhibit 114: NDOC Medical Records (ECF No. 45-4); and
5. Exhibit 115: Juvenile Records (ECF No. 45-5).

4

(ECF No. 44 at 2.) No response was filed and the deadline for doing so has expired.

### a.    Exhibits 111 and 114

Exhibits 111 and 114 contain Butler's sensitive medical information and records, i.e., psychiatric and psychological evaluations, medical assessments, medical kites, and other communications concerning health concerns, health evaluations and lab results, and progress notes. (ECF Nos. 45-1, 45-4.) The Court finds that a compelling need to protect Butler's medical privacy outweighs the public interest in open access to the court records contained in Exhibits 111 and 114.

### b.    Exhibits 112, 113, and 115

Exhibit 112 consists of Butler's juvenile psychoeducational assessment. (ECF No. 45-2.) Exhibit 113 consists of NDOC records including booking information, communications with NDOC personnel, disciplinary history, and other personal, private facts about Petitioner. (ECF No. 45-3.) Exhibit 115 consists of documents related to Butler's juvenile criminal record. (ECF No. 45-5.)

Petitioner argued Exhibits 112, 113, and 115 consist of medical records. (ECF No. 36 at 2.) The Court finds that Exhibits 112, 113, and 115 do not solely contain medical information. The non-medical portions of the exhibits do, however, contain personal identifiers,[2] and sensitive personal information that is not typically made available to the public and which could be used as a vehicle for improper purposes. *See Kamakana*, 447 F.3d at 1179. The Court finds a compelling need to protect Butler's safety, privacy, and/or personal identifying information outweighs the public interest in open access to these court records and considers Exhibits 112, 113, and 115 properly filed under seal. *See Kamakana*, 447 F.3d at 1179.

## IV.    CONCLUSION

It is therefore ordered that Petitioner Anthony Butler's motion for leave to file a second amended petition (ECF No. 28) is granted.

---

[2]Personal data identifiers include social security numbers, date of birth, financial account numbers, home addresses, etc. *See e.g.*, LR IC 6-1(a); Fed. R. Civ. P. 5.2.

It is further ordered that the Respondents' motions to dismiss the first amended petition (ECF No. 29) and unopposed request for an enlargement of time to file a reply in support of their motion to dismiss the first amended petition (ECF No. 48) are denied without prejudice as moot.

The Clerk of Court is directed to file the second amended petition (ECF No. 47-1).

It is further ordered that Respondents are required to file a response to the second amended petition within 90 days after the entry of this Order.

It is further ordered that Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 36) is granted and Exhibits 46, 66, 67, and 71 (ECF Nos. 37-1, 37-2, 37-3, and 37-4) are considered properly filed under seal.

It is further ordered that Petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 44) is granted and Exhibits 111, 112, 113, 114, and 115 (ECF Nos. 45-1, 45-2, 45-3, 45-4, and 45-5) are considered properly filed under seal.

It is further ordered that in all other respects the order in this case entered on January 18, 2024 (ECF No. 22) remains in effect.

DATED THIS 2nd Day of December 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE